UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDITH LIOTTO, et al.,

    Plaintiffs,

vs.                                  CASE NO. 8:11-cv-02290-EAK-TGW

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE

This cause is before the Court on Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint (Doc. 4), Defendant's Motion to Strike Certain Allegations of the Complaint (Doc. 5), Plaintiffs' Response and Objection to Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint (Doc. 9), Plaintiffs' Response and Objection to Defendant's Motion to Strike Certain Allegations of the Complaint (Doc. 10), and Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss (Doc. 17). For the reasons set forth below, Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint is **GRANTED**. Defendant's Motion to Strike Certain Allegations of the Complaint is **DENIED**.

### PROCEDURAL HISTORY

Plaintiffs, Edith Liotto, Sandra Liotto, and Mark Liotto ("the Liottos"), filed their Complaint (Doc. 2) against The Hartford Insurance Company of the Midwest ("Hartford") in state court on September 1, 2011, in the Sixth Judicial Circuit in and for Pasco County, Florida,

alleging breach of contract and seeking declaratory action. These claims arose from an insurance contract between the Plaintiffs and the Defendant, under which the Defendant, an insurance carrier, agreed to insure Plaintiffs' real property located in Pasco County, Florida. On October 11, 2011, the case was removed to federal court (Doc. 1), at which point the Defendant filed its Answer and Affirmative Defenses (Doc. 3). On October 11, 2011, Defendant filed a Motion to Dismiss (Doc. 4) with regard to Count I of the Complaint, and a Motion to Strike (Doc. 5) with regard to certain allegations in Count II of the Complaint. Plaintiffs filed both their Response and Objection to Defendant's Motion to Dismiss (Doc. 9) and their Response and Objection to Defendant's Motion to Strike (Doc. 10) on October 24, 2011. Defendant filed a Motion for Leave to File a Reply to Plaintiffs' Response to Defendant's Motion to Dismiss (Doc. 13) on October 28, 2011. The Court granted the Motion on October 31, 2011 (Doc. 14). Defendant then filed its Reply to Plaintiffs' Response to Defendant's Motion to Dismiss (Doc. 17) on November 7, 2011.

## STATEMENT OF THE FACTS

The following facts are submitted by the parties in support and/or in opposition to Defendant's Motion to Dismiss and Defendant's Motion to Strike. The Court recognizes these as "facts" only in regard to resolution of the pending motions.

Plaintiffs, the Liottos, owned real property located at 14255 Beauly Circle, Pasco County, Florida ("Insured Property"). Defendant, Hartford, is a foreign corporation doing business in the State of Florida and is a qualified insurance carrier licensed by the State of Florida to engage in the business of insurance with Florida citizens. Defendant is incorporated in Indiana, and its principal place of business is Connecticut.

Plaintiffs and Defendant entered into a contract whereby Defendant would provide Plaintiffs with homeowner's insurance in exchange for the payment of a premium. The insurance policy ("the Policy") was effective from January 27, 2010 to January 27, 2011, and applied to the property located at 14255 Beauly Circle, Pasco County, Florida (Doc. 3, Ex. A). Damage to the Insured Property as a result of sinkhole activity was covered by the Policy.

Around October 2, 2010, the Insured Property sustained damage as a result of sinkhole activity. Plaintiffs reported the damage to Defendant, and in response Defendant retained SDII Global Corporation ("SDII"), a geotechnical and engineering firm, to evaluate the Insured Property and recommend the proper subsurface repairs. SDII confirmed in a report dated January 2011 (Doc. 2, Ex. B; Doc. 3, Ex. D) that sinkhole activity was the cause of the damage to the Insured Property. SDII further recommended that the Insured Property be repaired using grout injections, with an estimated cost of $125,740.00. Defendant adopted SDII's findings, and admitted coverage for the sinkhole damage. In a letter to Plaintiffs' public adjuster dated April 26, 2011, Defendant stated that it would re-inspect the Insured Property once grouting was complete (Doc. 2, Ex. C). In order to receive insurance monies under the Policy, Defendant required that Plaintiffs repair the Insured Property using grout injections only.

Plaintiffs retained BillerReinhart Structural Group, Inc. ("BillerReinhart") to perform a structural analysis of the Insured Property and determine the proper method of repair. BillerReinhart prepared a report, in which it recommended both grout injections and underpinning (Doc. 2, Ex. D). The cost of the suggested repairs was estimated to be between $475,740.00 and $510,740.00.

In addition to retaining SDII to perform a subsurface assessment of the Insured Property, in December 2010, Defendant also prepared an estimate of cosmetic damages. Defendant

concluded that the cosmetic damages to the Insured Property totaled $2,272.79 (Doc.2, Ex. E). On January 13, 2011, Defendant issued a check to Plaintiffs in the amount of $2,022.79, which represented the amount of the replacement cost value of the cosmetic damages less a $250.00 deductible in accordance with the Policy (Doc. 2, Ex. F).

Plaintiffs retained Triad Consulting Group ("Triad") to assess the cosmetic damages to the Insured Property and provide an estimate for their repair. On April 4, 2011, Triad prepared an estimate concluding that the cosmetic damages to the Insured Property totaled $52,827.31 (Doc. 2, Ex. G). In a letter dated April 8, 2011, Plaintiffs advised Defendant, through their public adjuster, Andy Orfitelli, that they disputed Defendant's estimate as to cosmetic damages to the Insured Property (Doc. 2, Ex. H). The letter provided Defendant with Triad's estimate and requested that Defendant pay additional insurance monies based on that estimate. Defendant responded with a letter to Orfitelli dated April 26, 2011, advising Plaintiffs that the cosmetic damages estimate was only a pre-grout estimate and that Defendant planned to reassess the Insured Property after grout injections were completed (Doc. 2, Ex. C).

In July 2011, Defendant hired O'Leary Building Consulting ("O'Leary") to prepare its own assessment of the cosmetic damages to the Insured Property. After an evaluation, O'Leary concluded that the cosmetic damages totaled $45, 813.22 (Doc. 2, Ex. I). Subsequently, Defendant adopted the estimate provided by O'Leary and issued a check to Plaintiffs to cover cosmetic damages in the amount of $43,323.71 (Doc. 2, Ex. J), representing the difference between the O'Leary estimate and the initial payment made to Plaintiffs in the amount of $2,022.79, less the $250.00 deductible. Plaintiffs returned this check to Defendant, alleging that the payment was insufficient to properly repair the cosmetic damages (Doc. 2, Ex. K).

There are two counts in Plaintiffs' Complaint (Doc. 2). Count I is for declaratory judgment. Plaintiffs seek a declaration from this Court that, among other things, the subsurface repair plan proposed by SDII is inadequate, that the proper method of subsurface repair is the use of both grouting and underpinning, and that Defendant must provide coverage to properly repair subsurface damage to the Insured Property. Count II is for breach of contract. Plaintiffs ask that this Court find that Defendant, by undervaluing and underpaying the cosmetic damages to the Insured Property, breached the Policy and is liable for contractual and compensatory damages.

## STANDARD OF REVIEW

### MOTION TO DISMISS

A claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if the claim does not plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability standard", but it requires more than a "sheer possibility" that the allegations are true. *Id.* at 1949.

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief. *Am. Ass'n of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002). A trial court is required to view the complaint in the light most favorable to the plaintiff. *Illinois ex. Rel. Madigan v. Telemarketing Assocs., Inc.*, 538 U.S. 600, 618 (2003). At this stage of the litigation, a court must accept the plaintiff's allegations as true and dismiss a complaint only if it is clear

that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* Nevertheless, "when the allegations in a complaint are wholly conclusory and fail to set forth facts which, if proved, would warrant relief for the plaintiff, dismissal is appropriate." *Am. Ass'n of People with Disabilities*, 227 F. Supp. 2d at 1280.

## MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides that, upon motion, the court may order stricken from a pleading any "redundant, immaterial, impertinent, or scandalous matter." *Pashoian v. GTE Directories*, 208 F.Supp.2d 1293, 1297 (M.D. Fla. 2002) (quoting Fed. R. Civ. P. 12(f)). A motion to strike will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Story v. Sunshine Foliage World, Inc.*, 120 F.Supp.2d 1027, 1030 (M.D. Fla. 2000) (quoting *Seibel v. Society Lease, Inc.*, 969 F.Supp. 713, 715 (M.D. Fla. 1997)). When deciding a motion to strike, "a court must accept the truthfulness of well-pleaded facts and 'cannot consider matters beyond the pleadings.'" *Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (citing *Carlson Corp./Southeast v. School Board of Seminole Country Fla.*, 78 F.Supp. 518 (M.D. Fla. 1991)).

## DISCUSSION

## MOTION TO DISMISS

Defendant seeks dismissal of Count I of the Complaint, which is a claim for declaratory judgment, on the grounds that the Complaint alleges no facts showing an actual controversy between the parties. According to Defendant, the Complaint alleges only a dispute as to coverage under the Policy, and does not claim that the terms of the Policy are ambiguous and need construction, or that the there is an issue regarding determination of rights and obligations under

the Policy, and that as such the Complaint in Count I fails to state a claim for declaratory judgment on which relief can be granted. Defendant also argues that Count I amounts to a repetition of the breach of contract claim in Count II, and, therefore, fails to state a claim for declaratory judgment on which relief can be granted.

Florida's Declaratory Judgment Act is a "procedural mechanism that confers subject matter jurisdiction on Florida's circuit and country courts; it does not confer any substantive rights." *Strubel v. Hartford Ins. Co. of the Midwest*, 2010 WL 745616 (M.D. Fla. 2010). In this diversity case, Florida's procedural rules are inapplicable. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Therefore, Plaintiffs' claim for declaratory judgment must be construed as a stating a claim for relief under 28 U.S.C. § 2201.

The federal Declaratory Judgment Act states that, "[i]n a case of actual controversy, within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relation of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (2010). The Act does not enlarge the jurisdiction of the federal courts and, therefore, is operative only with respect to cases or controversies. *MacLean v. City of St. Petersburg*, 194 F.Supp.2d 1290, 1304 (M.D. Fla. 2002). Therefore, the operation of the Act is procedural only. *Wendy's Intl., Inc. v. City of Birgmingham*, 868 F.2d 433, 435 (11th Cir. 1989). The question then is "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Oil Co.*, 312 U.S. 270, 273 (1941). At a minimum, a claim for declaratory judgment must be supported by allegations that create a

reasonable inference of a continuing and substantial controversy. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999).

Plaintiffs' claim for declaratory judgment fails to allege any real or immediate controversy, and is otherwise superfluous to the breach of contract claim in Count II of the Complaint. The essence of both counts is that Defendant breached the Policy when it failed to pay for all of Plaintiffs' loss under the Policy. Plaintiffs do not allege ambiguity or that the parties were uncertain as to their rights. The issue at hand, then, is the amount of damages that Defendant should be liable for as a result of damage to the Insured Property. In the absence of any real and immediate controversy apart from that alleged in Count II, Defendant's Motion to Dismiss Count I will be granted.

Defendant also seeks specific dismissal with regard to Plaintiff Mark Liotto on the grounds that he is not a named insured pursuant to the Policy, and, therefore, is not a real party in interest. Since the Court has dismissed Count I as to all plaintiffs, it need not reach the merits of dismissal of this single plaintiff.

## MOTION TO STRIKE

Next, Defendant asks this Court to strike Paragraphs 31, 50, 51, 53, and 55 of the Complaint, arguing that the allegations contained therein prejudice Defendant by confusing the issues. Defendant also argues that Paragraphs 53 and 55 should be stricken because they attempt to allege a cause of action for breach of the implied duty of good faith and fair dealing.

In order for this Court to grant Defendant's Motion to Strike, Defendant must show that the allegations sought to be stricken likely have no possible relation to the controversy at hand, and that mention of such allegations will likely prejudice the Defendant. *Underwriters at Lloyd's, London v. Ostong-Schwinn ex rel. C.O.*, 2006 WL 1582146 at *2 (M.D. Fla. 2006).

Here, Defendant has not met that burden. Defendant offers only conclusory statements that "to allow the contested allegations to remain would prejudice Defendant, [Hartford] by confusing the issues, placing an undue burden on Defendant, [Hartford], inject[ing] the possibility of unnecessary extensive and burdensome discovery and improperly increas[ing] the time, expense, and complexity of trial." (Doc. 5, ¶ 3) Defendant offers no specifics to support this general assertion. Additionally, while the Court need not reach the merits of the Motion with regard to Paragraph 31, as it makes up a part of the Complaint that has been dismissed, the allegations made in Paragraphs 50, 51, 53, and 55 have some possible relation to Plaintiffs' breach of contract claim in that they allege that Defendant undervalued their insurance claim (Doc. 2 ¶ 50), made insufficient payment on that claim (Doc. 2, ¶ 51), and as a result breached the Policy (Doc. 2, ¶ 54, 55). Since Defendant has not shown that the allegations in the pertinent paragraphs have no possible relation to Plaintiffs' breach of contract claim, and, since Defendant has not sufficiently shown that prejudice will result from failure to strike, Defendant's Motion to Strike is denied.

Insofar as Defendant argues that Paragraphs 53 and 55 attempt to state a claim for breach of the implied duty of good faith and fair dealing, this argument also fails. It is clear from the prayer for relief in Plaintiffs' Complaint that no such claim is alleged and no such relief is sought. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is **GRANTED**, and that Defendant's Motion to Strike (Doc. 5) is **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 28th of February, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.